TM

FILED

FEB 0 2 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16 CR 622 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Sections 1030(a)(5)(A), 1030(b), and 1030(c)(4)(B)(i) |
| | ) | |
| ZACHARY BUCHTA, also known as "pein," "@fbiarelosers," "@xotehpoodle," and "lizard" | ) | |
| | ) | **INDICTMENT** JUDGE SHAH |

**COUNT ONE** MAGISTRATE JUDGE ROWLAND

The SPECIAL AUGUST 2015 GRAND JURY charges:

1. At times material to this indictment:

a. Lizard Squad and PoodleCorp were groups of computer hackers, who engaged in unlawful conduct, including extensive denial-of-service attacks against protected computers, as defined in Title 18, United States Code, Section 1030(e)(2), within the United States and abroad.

b. A denial-of-service attack involved making computing or computer network resources unavailable to legitimate users. These attacks were commonly carried out by directing large amounts of electronic communications to a victim computer causing that computer's available resources to be consumed by the attack resulting in no or few resources left to accommodate legitimate users. Individuals attempting to conduct these types of denial-of-service attacks often would enlist other computers, without the knowledge of the owners, to assist in the attack by causing other computers to send electronic communications to the target computer at the same time in order to overwhelm that computer's resources.

c. Defendant ZACHRY BUCHTA, also known as "pein," "@fbiarelosers," "@xotehpoodle," and "lizard," resided in Fallstown, Maryland, and was a member of Lizard Squad and PoodleCorp.

d. Victims B, C, and D were U.S.-based companies whose products included video games. Victim B, C, and D maintained online gaming platforms. Victims B, C, and D also maintained computer systems that were used in and affecting interstate and foreign commerce.

2. Beginning no later than in or around February 2016, and continuing until at least in or around September 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZACHARY BUCHTA, also known as
"pein," "@fbiarelosers," "@xotehpoodle," and "lizard,"

defendant herein, conspired with others known and unknown to the Grand Jury, to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, which offense caused a loss to one or more persons during a one-year period aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i).

**Overview of the Conspiracy**

3. It was part of the conspiracy that defendant BUCHTA and others, acting on behalf of Lizard Squad and PoodleCorp, launched destructive cyber-attacks against companies and individuals around the world.

4. It was further part of the conspiracy that defendant BUCHTA and others, acting on behalf of Lizard Squad, promoted and operated the websites "shenron.lizardsquad.org" and "stresser.ru" (hereinafter, "Shenron"), through which they provided a cyber-attack-for-hire service. Using Shenron, BUCHTA and other co-conspirators facilitated and carried out thousands of denial-of-service attacks around the world, including in the Northern District of Illinois. Those denial-of-service attacks relied on a massive network of compromised computers, including computers in the Northern District of Illinois.

5. It was further part of the conspiracy that defendant BUCHTA and others, acting on behalf of PoodleCorp, promoted and operated the website "stresser.poodlecorp.org" (hereinafter, "Poodle Stresser"), through which they provided a cyber-attack-for-hire service. Using Poodle Stresser, BUCHTA and other conspirators facilitated and carried out hundreds of denial-of-service attacks.

6. It was further part of the conspiracy that defendant BUCHTA and others, acting on behalf of Lizard Squad and PoodleCorp, facilitated and carried out massive denial-of-service attacks against several online gaming and entertainment companies, including Victim B, Victim C, and Victim D.

**Cyber-Attacks by Lizard Squad and PoodleCorp**

7. It was further part of the conspiracy that defendant BUCHTA and others, acting on behalf of Lizard Squad and PoodleCorp, launched denial-of-service attacks against protected computers, including the websites and computer systems of the following victims, among others:

a. On or about April 13, 2016, defendant BUCHTA and others, acting on behalf of Lizard Squad, facilitated and carried out a denial-of-service attack against Victim B, which resulted in losses to Victim B of approximately $65,000.

b. On or about June 26, 2016, defendant BUCHTA and others, acting on behalf of PoodleCorp, facilitated and carried out a denial-of-service attack against Victim C, which resulted in losses to Victim C of approximately $275,000.

c. On or about June 28, 2016, defendant BUCHTA and others, acting on behalf of PoodleCorp, facilitated and carried out a denial-of-service attack against Victim B.

d. On or about August 2, 2016, defendant BUCHTA and others, acting on behalf of PoodleCorp, facilitated and carried out a denial-of-service attack against Victim B.

e. On or about August 2, 2016, defendant BUCHTA and others, acting on behalf of PoodleCorp, participated in a denial-of-service attack against Victim C, which resulted in losses to Victim C of approximately $9,000.

f. On or about August 31, 2016, defendant BUCHTA and others, acting on behalf of PoodleCorp, facilitated and carried out a denial-of-service attack against Victim D.

g. Between approximately in or around February 2016 and September 2016, approximately 25,000 denial-of-service attacks were initiated by users of the Shenron website maintained by BUCHTA and others acting on behalf of Lizard Squad.

8. It was further part of the conspiracy that defendant BUCHTA and others associated with Lizard Squad and PoodleCorp misrepresented, concealed, hid and caused to misrepresented, concealed, and hidden, the purpose of and acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1030(b).

**COUNT TWO**

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraph 1 from Count One is incorporated here.

2. On or about April 13, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZACHARY BUCHTA, also known as
"pein," "@fbiarelosers," "@xotehpoodle," and "lizard,"

defendant herein, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, namely, the online gaming platform belonging to Victim B, which offense caused a loss to Victim B during a one-year period aggregating at least $5,000 in value;

In violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i).

**COUNT THREE**

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraph 1 from Count One is incorporated here.

2. On or about June 26, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZACHARY BUCHTA, also known as
"pein," "@fbiarelosers," "@xotehpoodle," and "lizard,"

defendant herein, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, namely, the online gaming platform belonging to Victim C, which offense caused a loss to Victim C during a one-year period aggregating at least $5,000 in value;

In violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i).

**FORFEITURE ALLEGATION**

The SPECIAL AUGUST 2015 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(b), as set forth in this indictment, defendant shall forfeit to the United States of America:

a. any property constituting and derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1)(B); and

b. any personal property used and intended to be used to commit and to facilitate the commission of the offense, as provided in Title 18, United States Code, Section 1030(i)(1)(A).

2. The property to be forfeited includes, but is not limited to, the following specific property: one Dell Laptop bearing registration number R-41000710.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

______________________________
FOREPERSON

______________________________
UNITED STATES ATTORNEY